## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Cari Fais |
| | : | |
| v. | : | Mag. No. 26-9087 |
| | : | |
| BRENDAN JOHN GEIER | : | **CRIMINAL COMPLAINT** |

I, Special Agent Anthony Chen, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

### SEE ATTACHMENT A

I further state that I am a Special Agent with Homeland Security Investigations ("HSI"), a law enforcement agency within the U.S. Department of Homeland Security, and that this complaint is based on the following facts:

### SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

_____
Anthony Chen, Special Agent
U.S. Department of Homeland
Security
Homeland Security Investigations

Special Agent Chen attested to this Affidavit by telephone pursuant to F.R.C.P. 4.1(B)(2)(A) on this _____ day of May, 2026.

_____
Hon. Cari Fais
United States Magistrate Judge

## ATTACHMENT A

### Count One
### (Assaulting, Resisting, and Impeding Certain Officers or Employees)

On or about May 28, 2026, in Essex County, in the District of New Jersey and elsewhere, the defendant,

### BRENDAN JOHN GEIER,

did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, namely, Victim-1, Victim-2, and Victim-3 as described in Attachment B, while Victim-1, Victim-2, and Victim-3 were engaged in and on account of the performance of their official duties, and caused physical contact and inflicted bodily injury.

In violation of Title 18, United States Code, Sections 111(a)(l) and (b).

## ATTACHMENT B

I, Anthony Chen, am a Special Agent with Homeland Security Investigations, a law enforcement agency within the U.S. Department of Homeland Security. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, the statements of individuals, and my review of other items of evidence. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

1.      On or about May 28, 2026, officers of the U.S. Immigration Customs Enforcement ("ICE") were engaged in official duties relating to security and crowd-control operations during a demonstration near the ICE Delaney Hall Detention Facility ("Delaney Hall" or "Facility"), located on Doremus Avenue in Newark, New Jersey. These officers included Victim-1, Victim-2, and Victim-3, who, at all times relevant to this Complaint, were Deportation Officers employed by ICE, and thus were officers or employees of the United States within the meaning of Title 18, United States Code, Section 1114.

2.      While conducting crowd-control operations during the demonstration, ICE officers encountered a crowd of demonstrators near the facility, including defendant Brendan John Geier ("GEIER").

3.      As part of law enforcement's investigation into GEIER, agents have gathered information from numerous sources, including, but not limited to, interviews of witnesses with knowledge of relevant facts, including statements by Victim-1, Victim-2, Victim-3, and GEIER, video footage, and photographs.

4.      As part of their duties, Deportation Officers, including Victim-1, Victim-2, and Victim-3, were assigned to perimeter enforcement for Delaney Hall. The assignment routinely required the Deportation Officers to clear the road leading to and from Delaney Hall for vehicles. One of the ways the Deportation Officers did so was to form a line of officers, creating a barrier between any demonstrators and the Facility.

5.      At approximately 10:30 p.m. on or about May 28, 2026, a large group of demonstrators was blocking the road to the Facility in such a way that vehicles could not safely enter or leave the Facility. Deportation Officers, in an attempt to clear the road, formed into a line and began to move towards the group of demonstrators, which included GEIER. The Deportation Officers issued commands to the demonstrators to "move back."

6.     The demonstrators, including GEIER, refused to clear the road to the facility and disregarded the commands.

7.     To carry out his duties, Victim-1 moved in GEIER's direction, which caused GEIER to lose his balance. At that point, GEIER intentionally kicked Victim-1 in the leg. In response, Victim-1 struck GEIER's leg with a baton.

8.     Other Deportation Officers in the line around Victim-1, including Victim-2 and Victim-3, observed the struggle between GEIER and Victim-1 and came to Victim-1's assistance. GEIER physically resisted the Deportation Officers' actions and was non-compliant. At that point, a command was given to remove GEIER from the surrounding area, at which time various officers, including Victim-2 and Victim-3, lifted GEIER and carried him from the location of the original struggle towards the gate area of the Facility. As the officers were moving GEIER to that location, GEIER bit the forearm of Victim-2 and the knuckle of Victim-3. GEIER also kicked Victim-1, who sustained an injury to his forearm.

9.     The Deportation Officers ultimately restrained and arrested GEIER.

10.     Victim-1, Victim-2, and Victim-3 subsequently received medical treatment from Emergency Medical Technicians that were on the scene for the injuries they sustained. Victim-2 and Victim-3 also received treatment for their injuries at a hospital in Newark.

11.     The following photograph depicts the injuries that Victim-1 received as the result of GEIER's actions towards Victim-1.



12.    The following photographs depict the injuries Victim-2 as a result of GEIER's bite to Victim-2's forearm.



13.    The following photographs depict the injuries that Victim-3 sustained as a result of GEIER's bite to Victim-3's knuckle.



14. The following still frames were taken from a publicly available video that was posted by an individual on a social media website of the physical interactions between GEIER and other Deportation Officers, including Victim-1. The screenshots below depict the kicking motions made by GEIER that were described by Victim-1. The social media username has been redacted from the screenshots.





15.    Shortly after GEIER's arrest, another federal law enforcement officer advised GEIER of his *Miranda* rights, which he waived.

16.    During the interview, GEIER recalled standing in a line with other individuals who had locked arms with one another.  He recalled officers approaching that line, which caused him and others to back up.  He stated that an officer and another person in the line were scuffling.  GEIER claimed that he attempted to "push" between the officer and that individual with his feet to separate them, but he eventually started "kicking the officers," which ended up "escalating things."  GEIER also claimed that when other officers responded, he "panicked" and "started biting and trying to struggle to break free."  When asked about the bite marks, GEIER admitted that he was "panicking" and bit at least one of the individuals around him.